Jonathan M. Genish (State Bar No. 259031)
Karen I. Gold (State Bar No. 258360)
kgold@blackstonepc.com
Sara Pezeshkpour (State Bar No. 260240)
spezeshkpour@blackstonepc.com
Marissa A. Mayhood (State Bar No. 334376)
mmayhood@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278 / Fax: (855) 786-6356

*Attorneys for* Plaintiffs KEVIN SUDDARTH
and KEVIN LARES, individually, and on
behalf of other similarly situated employees

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SUDDARTH and KEVIN LARES, individually, and on behalf of other similarly situated employees,<br><br>Plaintiffs,<br><br>vs.<br><br>EMSL ANALYTICAL, INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 4:24-cv-07973-JST<br><br>Hon. Jon S. Tigar<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**(1) Violation of Cal. Labor Code §§ 1194, 1197, and 1197.1 (Minimum Wages)**<br><br>**(2) Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime)**<br><br>**(3) Violation of Cal. Labor Code §§ 226.7 and 512(a) (Meal Break Violations)**<br><br>**(4) Violation of Cal. Labor Code § 226.7 (Rest Break Violations)**<br><br>**(5) Violation of Cal. Labor Code § 226(a) (Wage Statement Violations)**<br><br>**(6) Violation of Cal. Labor Code §§ 201, 202, and 203 (Untimely Final Wages)**<br><br>**(7) Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses)**<br><br>**(8) Violation of Cal. Business & Professions Code §§ 17200, *et seq*.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs KEVIN SUDDARTH and KEVIN LARES (together, "Plaintiffs"), individually, and on behalf of other similarly situated employees, allege as follows against Defendants EMSL ANALYTICAL, INC., and DOES 1 through 25, inclusive (collectively, "Defendants"):

## INTRODUCTION

1.      This is a class action to recover damages on behalf of Plaintiffs and all current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment ("Class Members").

2.      Plaintiffs allege that Defendants hired Plaintiffs and Class Members but, among other things, failed to properly pay them all wages owed for all time worked (including minimum wages, straight time wages, and overtime wages), failed to provide them with all meal periods and rest periods and associated premium wages to which they were entitled, failed to timely pay them all wages due during their employment, failed to timely pay them all wages due upon termination of their employment, failed to provide them with accurate itemized wage statements, and failed to reimburse them for necessary business expenses.

3.      As a result, Defendants violated, *inter alia*, California Labor Code sections 201, 202, 203, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, 1198, 2800, and 2802, and the applicable Industrial Welfare Commission ("IWC") Wage Order. Through this action, Plaintiffs seek to recover all available remedies including but not limited to actual and liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d) and 1441(a).

5.      Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the Alameda County, including at 464 McCormick St, San Leandro, CA 94577. Many of the acts, events, and violations alleged herein relating to Plaintiffs occurred throughout the Alameda County.

**CLASS ACTION COMPLAINT**

**THE PARTIES**

6.    At all times herein mentioned, Plaintiff KEVIN SUDDARTH is and was a resident of the State of California, residing in Alameda County.

7.    At all times herein mentioned, Plaintiff KEVIN LARES is and was a resident of the State of California, residing in Alameda County.

8.    At all times herein mentioned, Defendant EMSL ANALYTICAL, INC. was and is an employer who does business in California, with locations throughout the State of California, and whose employees are engaged throughout Alameda County and the State of California, including at 464 McCormick St, San Leandro, CA 94577. Plaintiffs are informed and believe, and thereupon allege, that Defendant ESML ANALYTICAL, INC. is an environmental testing firm with a nationwide network of laboratories that provide, among other things, laboratory and product testing services, test kits, monitoring instruments, and similar products, goods, and services related to environmental sampling, collecting, testing, and monitoring.

9.    Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 25 but will seek leave of this Court to amend the Complaint and serve such fictitiously named Defendants once their names and capacities become known.

10.    Plaintiffs are informed and believe, and thereon allege, that the acts and omissions alleged herein were performed by, or are attributable to defendants EMSL ANALYTICAL, INC. and/or DOES 1 through 25, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of Defendants represent and were in accordance with Defendants' official policies.

11.    At all relevant times, Defendants were the employers of Plaintiffs and the other Class Members within the meaning of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other Class Members so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

12.    Defendants had the authority to hire and terminate Plaintiffs and the other Class

**FIRST AMENDED CLASS ACTION COMPLAINT**

Members, to set work rules and conditions governing Plaintiffs and the other Class Members' employment, and to supervise their daily employment activities.

13.    Defendants exercised sufficient authority over the terms and conditions of Plaintiffs' and the other Class Members' employment for them to be joint employers of Plaintiffs and the other Class Members.

14.    Defendants directly hired and paid wages to Plaintiffs and the other Class Members.

15.    Defendants continue to employ hourly paid and/or non-exempt employees within the State of California.

16.    At all relevant times, Defendants, and each of them, ratified each act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17.    Plaintiffs are informed and believe, and thereon allege, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## **GENERAL ALLEGATIONS**

### A. **Plaintiff Kevin Suddarth**

18.    Plaintiff KEVIN SUDDARTH worked for Defendants from approximately July 2015 to approximately September 22, 2024. His current position is Lead Technical Supervisor. At all times relevant herein, KEVIN SUDDARTH was a non-exempt, hourly-paid employee.

19.    On information and belief, KEVIN SUDDARTH's wage, at the time of his termination, was $26.15 per hour.

20.    Defendants jointly and severally employ KEVIN SUDDARTH at their location in San Leandro, CA. KEVIN SUDDARTH performs various duties for Defendants including, among other things, taking samples and creating solutions.

21.    Throughout his employment with Defendants, Plaintiff KEVIN SUDDARTH was and is generally scheduled to work eight (8) hours per day, five (5) days per week, for a total of forty (40) hours per week. Typically, Plaintiff KEVIN SUDDARTH was scheduled to work Tuesday through Friday from about 10:30 a.m. to 7:00 p.m., and Saturdays from about 9:30 a.m. to 6:00 p.m.

**FIRST AMENDED CLASS ACTION COMPLAINT**

22.     Throughout his employment with Defendants, Plaintiff KEVIN SUDDARTH often was not afforded compliant meal breaks, nor was he paid meal break premiums. Plaintiff KEVIN SUDDARTH was forced to work through his meal breaks and/or to take late meal breaks due to the amount of work he was expected to complete per shift.

23.     Throughout his employment with Defendants, if and when Plaintiff KEVIN SUDDARTH did take meal breaks, his meal breaks were routinely interrupted by his co-workers or supervisors, who would often call him with work-related questions or assignments.

24.     Throughout his employment with Defendants, Plaintiff KEVIN SUDDARTH often was not afforded compliant rest breaks, nor was he paid rest break premiums. Plaintiff KEVIN SUDDARTH was forced to work through his rest breaks and/or to take late rest breaks due to the amount of work he was expected to complete per shift.

25.     Throughout his employment with Defendants, if and when Plaintiff KEVIN SUDDARTH did take rest breaks, his rest breaks were routinely cut short due to the amount of work he was expected to complete per shift.

26.     Throughout his employment with Defendants, if and when Plaintiff KEVIN SUDDARTH did take rest breaks, his rest breaks were routinely interrupted by his co-workers or supervisors, who would often call him with work-related questions or assignments.

27.     Throughout his employment with Defendants, Plaintiff KEVIN SUDDARTH used an app on his personal cell phone to clock in and out of his shifts. Plaintiff is informed and believes, and thereupon alleges, that Defendant was aware that Plaintiff KEVIN SUDDARTH was using his personal cell phone to clock in and out of shifts because Defendant instructed Plaintiff KEVIN SUDDARTH to install the application on his personal cell phone. However, Defendant refused to provide reimbursement to Plaintiff KEVIN SUDDARTH for the work-related use of his personal cell phone.

28.     Plaintiff KEVIN SUDDARTH is informed and believes, and thereupon alleges, that he suffered at least one of the aforementioned meal and/or rest break violations ***on each and every pay period/workweek while he was employed by Defendants. By way of example only,*** Plaintiff is informed and believes, and thereupon alleges, that he suffered one or more of the aforementioned

violations during the following pay periods/workweeks:

- July 4, 2024 – July 17, 2024;
- June 20, 2024 – July 3, 2024;
- June 6, 2024 – June 19, 2024;
- May 23, 2024 – June 5, 2024;
- May 9, 2024 – May 22, 2024;
- April 25, 2024 – May 8, 2024;
- April 11, 2024 – April 24, 2024;
- March 28, 2024 – April 10, 2024;
- March 14, 2024 – March 27, 2024;
- February 29, 2024 – March 13, 2024;
- February 15, 2024 – February 28, 2024;
- February 1, 2024 – February 14, 2024;
- January 18, 2024 – January 31, 2024;
- January 4, 2024 – January 17, 2024; and
- December 21, 2023 – January 3, 2024

29.     Plaintiff is informed and believes, and thereupon alleges, that his experiences, which are described above, were shared by the Class Members.

**B. Plaintiff Kevin Lares**

30.     Plaintiff KEVIN LARES worked for Defendants from approximately July 2017 through approximately November 2022 as a Microscopist. At all times relevant herein, Plaintiff KEVIN LARES was a non-exempt, hourly-paid employee.

31.     On information and belief, Plaintiff KEVIN LARES's wage, at the end of his employment, was $23.00 per hour.

32.     Defendants jointly and severally employed KEVIN LARES at their location in San Leandro, CA. KEVIN LARES performed various duties for Defendants including, among other things, analyzing samples, reporting, checking in supplies and handling data entries.

33.     From the date his employment with Defendants commenced until about November 2021, Plaintiff KEVIN LARES was scheduled to work, and did work, at least ten (10) hours per day, four (4) days per week.

34.     Throughout his employment with Defendants, Plaintiff KEVIN LARES was often not afforded compliant meal breaks, nor was he paid meal break premiums. On information and belief, Plaintiff KEVIN LARES was typically not afforded a meal break within the first five (5) hours of his shift. Further, on information and belief, Plaintiff KEVIN LARES was forced to work through his meal breaks, to take late meal breaks, or to cut his meal breaks short due to the amount of work he was expected to complete per shift.

35.     Throughout his employment with Defendants, if and when Plaintiff KEVIN LARES did take meal breaks, his meal breaks were routinely interrupted and he was forced to return to work early, due to understaffing and increased workloads.

36.     Throughout his employment with Defendants, Plaintiff KEVIN LARES often was not afforded compliant rest breaks, nor was he paid rest break premiums. Plaintiff KEVIN LARES was often forced to work through his rest breaks and/or to take late rest breaks due to the amount of work he was expected to complete per shift.

37.     Throughout his employment with Defendants, if and when Plaintiff KEVIN LARES did take rest breaks, his rest breaks were routinely interrupted and/or cut short due to the amount of work he was expected to complete per shift.

38.     Plaintiff KEVIN LARES is informed and believes, and thereupon alleges, that he suffered at least one of the aforementioned meal and/or rest break violations ***on each and every pay period/workweek while he was employed by Defendants. By way of example only,*** Plaintiff KEVIN LARES is informed and believes, and thereupon alleges, that he suffered one or more of the aforementioned violations during the following pay periods/workweeks:

- September 1, 2022 – September 14, 2022
- September 29, 2022 - October 12, 2022
- November 10, 2022 – November 23, 2022
- October 27, 2022 – November 9, 2022

6

- October 13, 2022 – October 26, 2022
- September 29, 2022 – October 12, 2022
- September 15, 2022 – September 28, 2022
- September 1, 2022 – September 14, 2022
- August 18, 2022 – August 31, 2022
- August 7, 2022 – August 17, 2022
- July 21, 2022 - August 3, 2022
- July 7, 2022 – July 20, 2022
- June 23, 2022 – July 6, 2022
- June 9, 2022 – June 22, 2022
- May 26, 2022 – June 8, 2022
- May 12, 2022 – May 25, 2022
- March 31, 2022 – April 13, 2022
- March 17, 2022 – March 30, 2022
- March 3, 2022 – March 16, 2022
- February 17, 2022 – March 2, 2022
- February 3, 2022 – February 16, 2022
- January 20, 2022 - February 2, 2022
- January 6, 2022 – January 19, 2022
- December 23, 2021- January 5, 2022
- December 9, 2021 – December 22, 2021
- November 25, 2021 – December 8, 2021
- November 11, 2021 – November 24, 2021
- October 28, 2021 – November 10, 2021
- October 14, 2021 – October 27, 2021
- September 30, 2021 – October 13, 2021
- September 16, 2021 – September 29, 2021
- September 2, 2021 – September 15, 2021

**FIRST AMENDED CLASS ACTION COMPLAINT**

- August 19, 2021 – September 1, 2021
- August 5, 2021 – August 18, 2021
- July 22, 2021 – August 4, 2021
- July 8, 2021 – July 21, 2021
- June 24, 2021 – July 7, 2021
- June 10, 2021 – June 23, 2021
- May 27, 2021 – June 9, 2021
- May 13, 2021 – May 26, 2021
- April 29, 2021 – May 12, 2021
- April 15, 2021 – April 28, 2021
- April 1, 2021 – April 14, 2021
- March 18, 2021 – March 31, 2021
- March 4, 2021 – March 17, 2021
- February 18, 2021 – March 3, 2021
- February 4, 2021 – February 17, 2021
- January 21, 2021 – February 3, 2021
- January 7, 2021 – January 20, 2021
- December 24, 2020 – January 6, 2021
- December 10, 2020 – December 23, 2020
- November 26, 2020 – December 9, 2020
- November 12, 2020 – November 25, 2020
- October 29, 2020 – November 11, 2020
- October 15, 2020 – October 28, 2020
- October 1, 2020 – October 14, 2020
- September 17, 2020 – September 30, 2020
- September 3, 2020 – September 16, 2020
- August 20, 2020 – September 2, 2020
- August 6, 2020 – August 19, 2020

**FIRST AMENDED CLASS ACTION COMPLAINT**

- July 23, 2020 – August 5, 2020

- July 9, 2020 – July 22, 2020

- June 25, 2020 – July 8, 2020

- June 11, 2020 – June 24, 2020

- May 28, 2020 – June 10, 2020

- May 14, 2020 – May 27, 2020

- April 30, 2020 – May 13, 2020

- April 16, 2020 – April 29, 2020

- April 2, 2020 – April 15, 2020

- March 19, 2020 – April 1, 2020

- March 5, 2020 – March 18, 2020

- February 20, 2020 – March 4, 2020

- February 6, 2020 – February 19, 2020

- January 23, 2020 – February 5, 2020

- January 9, 2020 – January 22, 2020

- December 26, 2019 – January 8, 2020

- December 12, 2019 – December 25, 2019

- November 28, 2019- December 11, 2019

- November 14, 2019 – November 27, 2019

- October 31, 2019 – November 13, 2019

- October 17, 2019 – October 30, 2019

39.     Throughout his employment with Defendants, Plaintiff KEVIN LARES used an app on his personal cell phone to clock in and out of his shifts. Plaintiff is informed and believes, and thereupon alleges, that Plaintiff is informed and believes, and thereupon alleges, that Defendant was aware that Plaintiff KEVIN LARES was using his personal cell phone to clock in and out of shifts because Defendant instructed Plaintiff KEVIN LARES to install the application on his personal cell phone. However, Defendant refused to provide reimbursement to Plaintiff KEVIN LARES for the

1    work-related use of his personal cell phone.

2        40.    Plaintiff KEVIN LARES voluntarily left his job with Defendants in or around

3    November 2022.

4        41.    Plaintiff KEVIN LARES is informed and believes, and thereupon alleges, that his

5    experiences, which are described above, were shared by the Class Members.

6        42.    Plaintiffs are informed and believe, and thereon allege, that Defendants engaged in a

7    pattern and practice of wage abuse against them and other  hourly-paid and/or non-exempt employees.

8    As set forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring

9    Plaintiffs and the other Class Members to work off-the-clock without compensation, failing to properly

10   pay wages for all hours worked, failing to provide all meal and rest breaks to which they were entitled

11   and failing to pay meal and rest break premiums when due, failing to timely pay wages during

12   employment and upon termination of employment, failing to provide accurate wage statements, failing

13   to reimburse necessary business-related expenses, and failing to adhere to other related protections

14   afforded by the California Labor Code and the applicable IWC Wage Order.

15       43.    Defendants knew or should have known that they had a duty to compensate Plaintiffs

16   and the other Class Members pursuant to California law. Defendants had the financial ability to pay

17   such compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendants'

18   profits.

19                                **CLASS ACTION ALLEGATIONS**

20       44.    Plaintiffs bring this lawsuit as a class action on behalf of Plaintiffs and all others

21   similarly situated, as members of a proposed class pursuant to Federal Rule of Civil Procedure 23. The

22   class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority

23   requirements under Rule 23.

24       45.    The proposed **Class** is defined as follows:

25           **All current and former hourly-paid and/or non-exempt employees**

26           **who worked for Defendants in the State of California at any time**

27           **during the period from four years prior to the date of the filing of**

28           **this Complaint through final judgment.**

46.    The proposed **Former Employee Sub-Class** is defined as follows:

**All former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.**

47.    Plaintiffs reserve the right to establish additional subclasses as appropriate.

48.    There is a well-defined community of interest in this litigation and the Class is easily ascertainable. While the exact number and identities of Class Members are currently unknown to Plaintiffs, such information can be ascertained through appropriate discovery from records maintained by Defendants and their agents.

49.    The Class is so numerous that the individual joinder of all its members is impracticable.

50.    Common questions of fact and law exist as to all Class Members, which predominate over any questions affecting only individual members of the Class. The common legal and factual questions which do not vary from Class Member to Class Member, and which may be determined without reference to the individual circumstances of any Class Member include the following:

    i.    Whether Defendants had a policy and practice of failing to pay minimum wages to Plaintiffs and the other Class Members for all hours worked;

    ii.    Whether Defendants had a policy and practice of failing to pay overtime wages to Plaintiffs and the other Class Members for all overtime hours worked;

    iii.    Whether Defendants had a policy and practice of failing to provide meal periods to Plaintiffs and the other Class Members;

    iv.    Whether Defendants had a policy and practice of failing to provide rest periods to Plaintiffs and the other Class Members;

    v.    Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in the State of California for all hours worked, and for all missed, short, late, and/or interrupted meal periods and rest breaks;

    vi.    Whether Defendants failed to timely pay all wages due to Plaintiffs and the other Class Members during their employment;

**FIRST AMENDED CLASS ACTION COMPLAINT**

vii.   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

viii.  Whether Defendants failed to pay all wages due to Plaintiffs and the other Class Members within the required time upon their discharge or resignation;

ix.   Whether Defendants failed to comply with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

x.    Whether Defendants failed to reimburse Plaintiffs and the other Class Members for necessary business-related expenses and costs;

xi.   Whether Defendants' conduct was willful or reckless;

xii.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq*.;

xiii. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

xiv.  Whether Plaintiffs and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

51.   Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs' interests are coincident with and not antagonistic to those of the other Class Members Plaintiffs seek to represent. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions and Plaintiffs intend to prosecute this action vigorously.

52.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, and/or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual and legal issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the

parties and of the court system, and protects the rights of each Class Member.

53.     Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights.

## FIRST CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 1194, 1197, AND 1197.1

### Failure to Pay Minimum Wage

### (By Both Plaintiffs Against All Defendants)

54.     Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

55.     California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Plaintiffs and the other Class Members were frequently suffered or permitted to work "off-the-clock" prior to clocking-in and/or after clocking-out for their shifts, such that they were not paid minimum wage for all hours worked.

56.     As an example, Defendant had a policy of requiring employees to complete Covid-19 temperature screenings prior to clocking in for a shift. Both Plaintiffs participated in this off-the-clock work by lining up at the front door and letting the administration take their temperature.

57.     Moreover, Defendants had a policy, practice, and procedure of rounding employee time such that Plaintiffs and some or all Class Members were systematically unpaid and/or underpaid for time worked over the course of their employment.

58.     Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiffs and the other Class Members for all hours they worked in violation of California Labor Code sections 1194, 1197, and 1197.1.

59.     Defendants knew or should have known that Plaintiffs and the other Class Members were performing such work "off-the-clock" because, among other things, Defendants' management

witnessed, authorized, was made aware of, and/or required Plaintiffs and Class Members to perform such work.

60.     Defendants' failure to pay Plaintiffs and the other Class Members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiffs and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

61.     Pursuant to California Labor Code section 1194.2, Plaintiffs and the other Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 510 AND 1198

#### Unpaid Overtime

#### (By Both Plaintiffs Against All Defendants)

62.     Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

63.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons for extended periods of time without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily and/or weekly basis.

64.     Specifically, the applicable IWC Wage Order provides that Defendants were required to pay Plaintiffs and the other Class Members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek.

65.     The applicable IWC Wage Order further provides that Defendants were required to pay Plaintiffs and the other Class Members overtime compensation at a rate of two (2) times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and/or for all hours worked in excess of eight (8) hours on the seventh consecutive day in a workweek.

66.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, in

excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

67.    Plaintiffs and the other Class Members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a workweek. However, Defendants did not accurately record Plaintiffs and the other Class Members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiffs and the other Class Members. Defendants' failure to pay correct overtime wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed *supra* and the on-the-clock work exceed the number of hours that trigger the payment of overtime wages under California Labor Code sections 510 and 1198 and/or the applicable IWC Wage Order; (b) when Defendants intentionally, willfully, and/or negligently mischaracterized overtime as straight time; (c) when Defendants assigned more work than could reasonably be completed in a workday or workweek to Plaintiffs and Class Members, but refused to authorize the overtime necessary for them to complete the assigned work; and (d) when Defendants failed to include all required wages and renumeration when calculating setting the overtime rate.

68.    Defendants' failure to pay Plaintiffs and the other Class Members as outlined above violates California Labor Code sections 510 and 1198 and the applicable IWC Wage Order and is therefore unlawful.

69.    Pursuant to California Labor Code section 1194, Plaintiffs and the other Class Members are entitled to recover their unpaid overtime compensation, and interest, costs, and attorneys' fees.

## THIRD CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512(a)

### Meal Break Violations

### (By Both Plaintiffs Against All Defendants)

70.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

71.    California Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order

1    govern Plaintiffs and the other Class Members' employment by Defendants.

2        72.    California Labor Code section 226.7 provides that no employer shall require an

3    employee to work during any meal period mandated by an applicable IWC Order.

4        73.    The applicable IWC Wage Order and California Labor Code section 512(a) provide

5    that an employer may not require, cause, or permit an employee to work for a period of more than five

6    (5) hours per day without providing the employee with an uninterrupted meal period of not less than

7    thirty (30) minutes, except that if the total work period per day of the employee is not more than six

8    (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

9        74.    The applicable IWC Wage Order and California Labor Code section 512(a) further

10   provide that an employer may not require, cause, or permit an employee to work a work period of

11   more than ten (10) hours per day without providing the employee with a second uninterrupted meal

12   period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12)

13   hours, the second meal period may be waived by mutual consent of the employer and the employee

14   only if the first meal period was not waived.

15       75.    Plaintiffs and the other Class Members who were scheduled to work for shifts no longer

16   than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were

17   required to work for periods longer than five (5) hours without an uninterrupted meal period of not

18   less than thirty (30) minutes.

19       76.    Plaintiffs and the other Class Members who were scheduled to work for shifts in excess

20   of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated

21   meal periods by mutual consent, were required to work for periods longer than ten (10) hours without

22   a second uninterrupted meal period of not less than thirty (30) minutes.

23       77.    Defendants intentionally and willfully required Plaintiffs and the other Class Members

24   to work during meal periods and failed to compensate Plaintiffs and the other Class Members for work

25   performed during meal periods. This includes, among other things, requiring Plaintiffs and Class

26   Members to work through their meal breaks, permitting and/or requiring Plaintiffs and Class Members

27   to take late meal breaks, permitting and/or requiring Plaintiffs and Class Members to take short meal

28   breaks, interrupting and/or allowing others to interrupt Plaintiffs and Class Members during their meal

breaks, failing to relieve Plaintiffs and Class Members of all duties during their meal breaks,.

78.    Further, because of Defendants' rounding policy, meal breaks were at times incorrectly recorded as compliant, when in reality they were untimely and/or cut short.

79.    During the relevant time period, Defendants failed to pay Plaintiffs and the other Class Members all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for meal period premiums and/or merely using straight time pay to calculate regular rates of pay for meal period premiums.

80.    Defendants' conduct therefore violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

81.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided as well as interest thereon.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE § 226.7

### Rest Break Violations

### (By Both Plaintiffs Against All Defendants)

82.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

83.    California Labor Code section 226.7 and the applicable IWC Wage Order govern Plaintiffs and the other Class Members' employment by Defendants.

84.    California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

85.    The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily

work time is less than three and one-half (3½) hours."

86. Defendants routinely required Plaintiffs and the other Class Members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

87. Moreover, Defendants willfully required, suffered, and permitted Plaintiffs and the other Class Members to work during what should have been their rest periods. Defendants also failed to relieve Plaintiffs and the other Class Members of all duties for ten (10) minutes as required for compliant rest breaks.

88. As a result, Plaintiffs worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all.

89. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other Class Members were entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that compliant rest period(s) were not provided.

90. Defendants had no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiffs and the other Class Members the full rest period premium due to them in violation of California Labor Code section 226.7 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for rest period premiums and/or merely using straight time pay to calculate regular rates of pay for rest period premiums.

91. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiffs and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday compliant rest period(s) were not provided as well as interest thereon.

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE § 226(a)**

**Wage Statement Violations**

**(By Both Plaintiffs Against All Defendants)**

92.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

93.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of its employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

94.    As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to provide Plaintiffs and the other Class Members with complete and accurate wage statements. The deficiencies include, among other things, the failure to state all hours worked, the failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code 226(a).

95.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and the other Class Members have suffered injury and damage to their statutorily protected rights.

96.    Specifically, Plaintiffs and the other Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs and the other Class Members have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiffs had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiffs and the other Class Members were paid correctly and the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and

**FIRST AMENDED CLASS ACTION COMPLAINT**

incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

97.    Plaintiffs and the other Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 201, 202, AND 203**

**Untimely Final Wages**

**(By Both Plaintiffs Against All Defendants)**

98.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

99.    Pursuant to California Labor Code sections 201, 202, and 203, Defendants are required to timely pay all earned and unpaid wages to an employee who is discharged. California Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 mandates that if an employee quits, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

100.    California Labor Code section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

101.    As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), at the time that Plaintiffs and the other Class Members' employment with Defendants ended, Defendants knowingly and willfully failed to pay them all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, overtime wages, minimum wages, meal period premium wages,

and rest period premium wages.

102.    As a result, Plaintiffs and the other Class Members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 2800 AND 2802

### Failure to Reimburse Necessary Business Expenses

### (By Both Plaintiffs Against All Defendants)

103.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

104.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of the employee's job duties or in direct consequence of the employee's job duties or in direct consequence of the employee's obedience to the directions of the employer.

105.    Plaintiffs and the other Class Members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

106.    Defendants intentionally and willfully failed to reimburse Plaintiffs and the other Class Members for all necessary business-related expenses and costs. Plaintiffs and the other Class Members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of employment, plus interest accrued from the date on which Plaintiffs and the other Class Members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §§ 17200, *ET. SEQ*.

### Unfair and Unlawful Business Practices

### (By Both Plaintiffs Against All Defendants)

107.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

108.    Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged in this Complaint, including but not

limited to Defendants' failure and refusal to pay overtime compensation, Defendants' failure and refusal to pay minimum wages, Defendants' failure and refusal to provide required meal periods and/or pay meal period premiums, Defendants' failure and refusal to provide required rest periods and/or pay the required rest break premiums, Defendants' failure and refusal to timely pay wages at the correct rate during employment, Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' failure and refusal to reimburse business-related expenses and costs, and Defendants' failure and refusal to timely pay wages upon termination constitutes unfair and unlawful business practices under California Business and Professions Code sections 17200, *et seq*.

109.   Defendants' violations of California wage and hour laws constitute unfair and unlawful business practices because, among other things, they were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiffs and the other Class Members.

110.   Defendants have avoided payment of overtime wages, minimum wages, meal period premiums, rest period premiums, timely wages at the correct rate of pay, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

111.   As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during Plaintiffs and the other Class Members' tenure at the expense of Plaintiffs, the other Class Members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiffs and the other Class Members.

112.   Defendants' unfair and unlawful business practices entitle Plaintiffs and the other Class Members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiffs and the other Class Members the wages and other compensation unlawfully withheld from them. Plaintiffs and the other Class Members are entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial.

///

///

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### **Class Certification**

1.      That this action be certified as a class action;

2.      That Plaintiffs be appointed as the representatives of the Class;

3.      That counsel for Plaintiffs be appointed as Class Counsel; and

4.      That Defendants provide to Class Counsel the names and most current/last known contact information (addresses, e-mails, and telephone numbers) of all Class Members.

### **As to the First Cause of Action**

5.      That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other Class Members;

6.      For general unpaid wages and such general and special damages as may be appropriate;

7.      For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs and the other Class Members in the amount as may be established according to proof at trial;

8.      For pre-judgment interest on any unpaid compensation from the date such amounts were due;

9.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

10.     For liquidated damages pursuant to California Labor Code section 1194.2; and

11.     For such other and further relief as the Court may deem just and proper.

### **As to the Second Cause of Action**

12.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiffs and the other Class Members;

13.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

**FIRST AMENDED CLASS ACTION COMPLAINT**

14.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

16.    For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs and the other Class Members;

18.    For premium wages pursuant to California Labor Code section 226.7(c);

19.    For all actual, consequential, and incidental losses and damages, according to proof;

20.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

21.    For reasonable attorneys' fees and costs of suit incurred herein; and

22.    For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause Action**

23.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and the applicable IWC Wage Order by willfully failing to provide all rest periods to Plaintiffs and the other Class Members;

24.    For premium wages pursuant to California Labor Code section 226.7(c);

25.    For all actual, consequential, and incidental losses and damages, according to proof;

26.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

27.    For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

28.    That the Court declare, adjudge, and decree that Defendants violated the provisions of California Labor Code section 226(a) as to Plaintiffs and the other Class Members, and willfully failed to provide accurate itemized wage statements to them;

29.    For actual, consequential, and incidental losses and damages, according to proof;

**FIRST AMENDED CLASS ACTION COMPLAINT**

30.     For statutory penalties pursuant to California Labor Code section 226(e);

31.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

32.     For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

33.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other Class Members no longer employed by Defendants;

34.     For all actual, consequential, and incidental losses and damages, according to proof;

35.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs and the other Class Members who have left Defendants' employ;

36.     For pre-judgment interest on any unpaid compensation from the date due; and

37.     For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

38.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other Class Members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

39.     For actual, consequential, and incidental losses and damages, according to proof;

40.     For the imposition of civil penalties and/or statutory penalties;

41.     For reasonable attorneys' fees and costs of suit incurred herein; and

42.     For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

43.     That the Court declare, adjudge, and decree that Defendants violated the following California Labor Code sections as to Plaintiffs and the other Class Members: 1194, 1197, and 1197.1 (by failing to pay minimum wages); 510 and 1198 (by failing to pay overtime wages); 226.7 and 512(a) (by failing to provide meal and rest periods or compensation in lieu thereof); 226(a) (by failing to

provide accurate wage statements); 201, 202, and 203 (by failing to pay all wages owed upon termination); and 2800 and 2802 (by failing to reimburse business-related expenses);

44.    For restitution of unpaid wages to Plaintiffs and all the other Class Members and all pre-judgment interest from the day such amounts were due and payable;

45.    For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

46.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

47.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*

Dated: December 17, 2024                          **BLACKSTONE LAW, APC**

                                         By:    _____
                                                Jonathan M. Genish, Esq.
                                                Karen I. Gold, Esq.
                                                Sara Pezeshkpour, Esq.
                                                Marissa A. Mayhood, Esq.

                                                *Attorneys for* Plaintiffs KEVIN SUDDARTH
                                                and KEVIN LARES, individually, and on
                                                behalf of other similarly situated employees

**FIRST AMENDED CLASS ACTION COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiffs hereby demand a jury trial with respect to all issues triable of right by jury.

3

4    Dated:  December 17, 2024                    **BLACKSTONE LAW, APC**

5

6                                        By:    _____
                                               Jonathan M. Genish, Esq.
7                                              Karen I. Gold, Esq.
                                               Sara Pezeshkpour, Esq.
8                                              Marissa A. Mayhood, Esq.

9                                              *Attorneys for* Plaintiffs KEVIN SUDDARTH
10                                             and KEVIN LARES, individually, and on
                                               behalf of other similarly situated employees

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT**